UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RUIZ DE MARTINEZ,<br><br>             Plaintiff,<br><br>     v.<br><br>ARAMARK SERVICES, INC.<br><br>             Defendant. | 1:24-cv-00625-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 49) |

## I.    INTRODUCTION

In this removed civil action, Plaintiff Maria Ruiz de Martinez alleges that Defendant Aramark Services, Inc.[1] negligently owned, maintained, managed, or operated Degnan's Kitchen, leading her to slip and fall on ice, which injured her. (ECF No. 1, p. 14).

Now before the Court is Plaintiff's motion for leave to file a second amended complaint to add allegations, based on newly discovered information, to support an award of punitive damages. (ECF No. 49). Defendant opposes Plaintiff's request to file an amended complaint. (ECF No. 50).

For the reasons explained below, the Court will grant Plaintiff's motion for leave to file a second amended complaint.

\\\

---

[1] Unless otherwise noted, the Court will refer to Aramark Services, Inc. as "Defendant."

1

## II.    BACKGROUND

### A.  Complaint

On May 24, 2024, Defendant removed this action from the Mariposa Superior Court based on diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1). Plaintiff initially sued Defendant Aramark Services, Inc.; Degnan's Kitchen; and Does 1 to 100. (*Id.* at 11). In support of her negligence claims, she alleged that, on January 28, 2023,

> [w]hile walking through a walkway of the property located at 9015 Village Dr. Yosemite Valley, CA 95389 towards Degnan's Kitchen for lunch, Plaintiff Ruiz de Martinez slipped and fell on ice, legally causing the injuries and damages to Plaintiff as herein alleged. The property is owned, maintained and/or managed by Defendants, Aramark Services Inc., Degnan's Kitchen, and DOES 1-100.

(*Id.* at 14) (minor alterations).

Later, Plaintiff dismissed Degnan's Kitchen as a defendant. (ECF No. 27). Additionally, she amended the complaint for the sole purpose of substituting the National Park Service in place of a Doe Defendant, but then later dismissed the National Park Service from the case. (ECF Nos. 14, 48). Accordingly, this case presently proceeds against only Defendant Aramark Services, Inc.

The Court issued a scheduling order on September 10, 2024, setting a January 28, 2025 deadline to amend the pleadings. (ECF No. 13, p. 2).

Following several requested extension of deadlines, the most recent scheduling order sets February 24, 2026, as the non-expert discovery cutoff deadline. (ECF No. 44).

### B.  Plaintiff's Motion to Amend

On January 2, 2026, Plaintiff moved for leave to file an amended complaint to add allegations in support of punitive damages based on newly discovery information. (ECF No. 49). Specifically, she states that, on December 8, 2025, she obtained site safety reports (SSRs) showing that an Aramark Senior Safety Specialist named Bridger Christiansen performed inspections of the Yosemite Village premises where she fell. (*Id.* at 3, 4, 6). Generally, these SSRs warned of dangerous conditions relating to ice accumulation, including a SSR prepared on September 20, 2022, "noting that 'rain gutters on the back dock at Degnan's Deli had not

been installed since the initial SSR, and this will soon cause very dangerous winter walking conditions if not addressed."' (*Id.* at 3).

Plaintiff contends the SSRs were responsive to various discovery requests that she propounded on Defendant, yet Defendant failed to produce them. (ECF No. 49, p. 11).

Rather, Plaintiff learned of these documents through the deposition of Bridger Christiansen. Plaintiff's counsel initially requested to take Christiansen's deposition in June 2025, but was told he no longer worked for Defendant. (*Id.* at 5). And after the case failed to settle following their October 31, 2025 mediation, Plaintiff's counsel subpoenaed Christiansen to attend a deposition on November 21, 2025, where he "testified that he completed inspections and prepared Site Safety Reports as part of his normal job duties as Aramark's Site Safety Specialist." (*Id.* at 11). Following this testimony, Plaintiff's counsel subpoenaed the SSRs, receiving them on December 8, 2025. (*Id.* at 11-12).

In support of her motion, Plaintiff attaches the declaration of her counsel, Christina Michael, which explains how Plaintiff learned about the SSRs; portions of Christiansen's deposition transcript; the SSRs; portions of the deposition transcript of Joshua Cheley, who was the Defendant's Director of Facilities and testified that his department was not responsible for ice or snow removal at Degnan's; and a copy of the proposed second amended complaint, which contains allegations supporting Plaintiff's request for punitive damages. (*Id.* at 11-50).

### C. Defendant's Opposition

On January 16, 2026, Defendant filed an opposition to Plaintiff's motion. (ECF No. 50). Defendant does not deny that Plaintiff recently learned the newly discovered information, that this information is sufficient to warrant a potential award of punitive damages, or that it failed to provide the information during discovery. However, Defendant argues that Plaintiff's motion should be denied because (1) she did not first seek leave to amend the scheduling order; and (2) if the Court construes the motion as including such a request, there is not good cause to amend the scheduling order because Plaintiff was not diligent in discovering the new information. (*Id.* at 3-4).

\\\

**D. Plaintiff's Reply**

Plaintiff's reply argues that good cause exists to permit her to amend her complaint, emphasizing her prior argument that she only recently learned of the prior warnings of dangerous conditions at Degnan's, which information Defendant failed to produce during discovery. (ECF No. 52, p. 3). She also notes that Defendant does not argue any prejudice from her proposed amendment nor dispute that the new information supports a potential award of punitive damages. (*Id.* at 4).

## III.    LEGAL STANDARD

As the Ninth Circuit has noted, once a court issues a scheduling order setting a deadline to amend pleadings, the "good cause" standard under Federal Rule of Civil Procedure 16(b)(4) for amending a scheduling order initially controls a request to amend a complaint after the ordered deadline as opposed to the standards under Rule 15(a) for amending a complaint. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (noting that a plaintiff's "ability to amend his complaint was governed by Rule 16(b), not Rule 15(a)"); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

As for good case, a court "primarily considers the diligence of the party seeking the amendment" including whether a deadline to file amended pleadings "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citations omitted). "Moreover, carelessness is not compatible with a finding of diligence" and "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citations omitted).

"Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment was proper." *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008). Under Rule

15(a)(2), a "court should freely give leave when justice so requires." "Leave to amend is generally within the discretion of the district court." *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

"In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted); *see also Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under rule 15(a).") (internal quotation marks and citation omitted).

## IV.    ANALYSIS

As an initial matter, the Court will not deny Plaintiff's motion simply because, as Defendant argues, Plaintiff has not included an express request to modify the scheduling order to extend the deadline to file amended pleadings. (ECF No. 50, p. 3). As other courts have done, the Court understands that Plaintiff's motion for leave to file an amended complaint at this time implicitly also requests that the Court extend the deadline to file an amended complaint. *See, e.g., Ordaz Gonzalez v. Cnty. of Fresno*, No. 1:18-CV-01558-BAM, 2020 WL 2539287, at *1 (E.D. Cal. May 19, 2020) ("As Plaintiffs' request to amend comes after expiration of the relevant Scheduling Order deadline, the Court construes the motion as a motion to modify the Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b) rather than a motion for leave to amend pursuant to Rule 15(a).").

The Court has considered the diligence of Plaintiff in seeking to amend the complaint and finds good cause to permit amendment. As an initial matter, Plaintiff states that she sought these documents in discovery, but Defendant improperly failed to produce them. Defendant does not challenge this assertion. Thus, it appears that Plaintiff was diligent in attempting to

discover these documents, which would have led to her seeking amendment earlier, but was thwarted by Defendant's failure to comply with its discovery obligations.

Moreover, Plaintiff was diligent in seeking amendment after learning the information in discovery. Plaintiff's counsel initially requested Christiansen's deposition in June 2025 but learned that he no longer worked for Defendant. (ECF No. 49, p. 5). After the parties failed to settle the case following their October 31, 2025 mediation, Plaintiff confirmed a deposition for Christiansen on November 21, 2025. (*Id.* at 6). Following Christiansen's testimony that indicated he had SSRs relevant to this case, Plaintiff subpoenaed the documents, receiving them on December 8, 2025. (*Id.*). Plaintiff then filed her instant motion less than a motion later. (*Id.*).

Further, the Court rejects Defendant's argument that Plaintiff was not diligent because she could have deposed Christiansen earlier because it identified him in its initial disclosures on September 24, 2024. (ECF No. 50, p. 4). As noted in the timeline of events described above, discovery was extended at both parties' requests to allow them the opportunity to expend their resources on settlement rather than litigation. Plaintiff reasonably waited until after settlement efforts were unsuccessful to take Christiansen's deposition.

The Court also finds that the Rule 15(a) factors favor permitting amendment here. First, there is no evidence of bad faith or undue delay by Plaintiff. On the contrary, it appears that Defendant wrongfully delayed discovery of this information by not providing it to Plaintiff in response to Plaintiff's discovery requests. Further, Defendant does not argue any prejudice or futility of the amendment, nor do either of these factors appear to be present. Additionally, Plaintiff's proposed amendment will not delay resolution of the case because it concerns the legal implications of discovery already taken. Lastly, while Plaintiff previously amended the complaint, that was for the sole purpose of substituting the National Park Service—a now dismissed Defendant—for a Doe Defendant.

\\\

\\\

\\\

## V.      CONCLUSION AND ORDER

For the reasons given above, IT IS ORDERED as follows:

1.  Plaintiff's motion for leave to file a second amended complaint is GRANTED. (ECF No. 49).

2.  The Court's scheduling order is modified to permit Plaintiff to file her proposed second amended complaint by no later than February 6, 2026.

3.  Once filed, Defendant shall respond to the second amended complaint within the time permitted by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **January 28, 2026**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE